Marc V. Kalagian
Attorney at Law: 4460
Law Offices of Lawrence D. Rohlfing, Inc., CPC
12631 East Imperial Highway Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562) 868-5886
Fax: (562) 868-8868
E-mail: marc.kalagian@rksslaw.com

Leonard Stone
Attorney at Law: 5791
Shook & Stone
710 South 4th Street
Las Vegas, NV 89101
Tel.: (702) 385-2220
Fax: (702) 384-0394
E-mail: Lstone@shookandstone.com

Attorneys for Plaintiff Harold Glover

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAROLD GLOVER,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 2:25-cv-02591-MDC<br><br>STIPULATION AND PROPOSED ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE MAXIMILIANO D. COUVILLIER, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Harold Glover ("Glover") be awarded attorney fees an expenses in the amount of five thousand

eight hundred and sixty dollars ($5,860.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of zero dollars ($0.00) under 28 U.S.C. §§ 1920; 2412. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

Attorneys' fees awarded under the EAJA must be reasonable, but it is for the district court to determine what fee is reasonable. *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1363-1364 (9th Cir. 2024). In this matter the parties agree that plaintiff is the prevailing party, that plaintiff is eligible to receive an award of the requested fees and costs, that the decision of the ALJ was not substantially justified, and no special circumstances make an award unjust. The court should also consider the results achieved. Remand was obtained through voluntary consent and agreement of the parties. Through Counsel for the parties efforts, litigation was avoided in this matter and the time expended was reasonable.

The statute sets the maximum attorney rate for EAJA fees at $125 subject to increases in the cost of living. The Consumer Price Index for All Urban Consumers ("CPI-U") in March 1996 was 155.7. https://www.bls.gov/news.release/history/cpi_041296.txt (last visited June 16, 2026). The May 2026 CPI-U is 335.123. https://www.bls.gov/news.release/cpi.nr0.htm (last visited June 16, 2026). Comparing the March 1996 and May 2026 CPI-U results in a multiplier of 2.152. Multiplying the statutory rate of $125 for March 1996 by 2.152 results in a current attorney rate of $269.05. Glover seeks an attorney rate of $258.46.

Therefore, Glover is entitled to reasonable attorneys' fees based on the hours reasonably expended (attached hereto as Exhibit 2) multiplied by the prevailing rate as set by the statute, adjusted for inflation, and as compared to other EAJA awards at the district court level within the Ninth Circuit. *See Ortiz v. Comm'r of*

*Soc. Sec.*, No. 2:21-cv-01563 KJM DMC, 2025 LX 334420 (E.D. Cal. Aug. 18, 2025) (granting EAJA fees of $11,036.00); *Costa v. Comm'r of SSA*, 690 F.3d 1132 *1133-37 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."). The hours performed in Glover's case total 23.1.

After the Court issues an order for EAJA fees to Glover, the government will consider the matter of Glover's assignment of EAJA fees to Marc Kalagian. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Glover, but if the Department of the Treasury determines that Glover does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Glover.[1] Any payments made shall be delivered to Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made either by electronic fund transfer (EFT) or by check.

This stipulation constitutes a compromise settlement of Glover's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall

---

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

constitute a complete release from, and bar to, any and all claims that Glover and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: July 20, 2026 Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian* [2]

BY:____________________
Marc V. Kalagian
Attorney for plaintiff
HAROLD GLOVER

DATED: July 20, 2026 SIGAL CHATTAH
First Assistant United States Attorney

/s/ *Christopher Vieira*

________________________
CHRISTOPHER VIEIRA
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social Security (Per e-mail authorization)

IT IS SO ORDERED:

DATED: 7-31-26

THE HONORABLE MAXIMILIANO D. COUVILLIER
UNITED STATES MASGISTRATE JUDGE

---

[2] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**DECLARATION OF MARC V. KALAGIAN**

I, Marc V. Kalagian, declare as follows:

1. I am an attorney at law duly admitted to practice before this Court in this case. I represent Harold Glover in this action. I make this declaration of my own knowledge and belief.
2. I attach as exhibit 1 a true and correct copy of the retainer agreement with Harold Glover containing an assignment of the EAJA fees.
3. I attach as exhibit 2 a true and correct copy of the itemization of time in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this July 20, 2026, at Santa Fe Springs, California.

/s/ *Marc V. Kalagian*

Marc V. Kalagian

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12631 East Imperial Highway, Suite C-115, Santa Fe Springs, California 90670.

On this day of July 21, 2026, I served the foregoing document described as STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mr. Harold Glover, Jr.
110 E Bonanza Rd Apt 16
Las Vegas, NV 89101

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Santa Fe Springs, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of this court at whose direction the service was made.

Marc V. Kalagian ___ /s/ Marc V. Kalagian ____________
TYPE OR PRINT NAME SIGNATURE